UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **NECA-IBEW WELFARE TRUST FUND** and **NECA-IBEW PENSION TRUST FUND,** ) ) ) | |
| **Plaintiffs,** ) | |
| v. ) | Case No. 09-CV-2075 |
| ) | |
| **PAYNE ELECTRICAL, LLC,** ) ) | |
| **Defendant.** ) | |

## **OPINION**

This case is before the court for ruling on the Motion for Summary Judgment (#15) filed by Plaintiffs, NECA-IBEW Welfare Trust Fund and NECA-IBEW Pension Trust Fund. Defendant, Payne Electrical, LLC, has not filed a response to the Motion for Summary Judgment. This court has carefully considered Plaintiffs' arguments and the documents filed. Following this careful and thorough consideration, Plaintiffs' Motion for Summary Judgment (#15) is GRANTED.

FACTS

Plaintiffs are employee benefit plans administered pursuant to the terms and provisions of the Agreements and Declarations of Trust which created the Funds. Plaintiffs are required to be maintained and administered in accordance with the provisions of the Labor Relations Management Act of 1947 and the Employee Retirement Income Security Act of 1974 (ERISA), as amended, 29 U.S.C. § 1001 et seq. Defendant is an employer as defined by ERISA, 29 U.S.C. § 1002(5), (11), (12) and (14). Defendant employs bargaining unit individuals who are members of Local Unions 305, 855 and 873 of the International Brotherhood of Electrical Workers (IBEW). These individuals are participants in Plaintiffs pursuant to Letters of Assent signed by Defendant.

Pursuant to ERISA, Defendant is required to make contributions to Plaintiffs in accordance with the terms and conditions of the Funds' Agreements and Declarations of Trust. Since August 2008, Defendant has submitted contribution reports for each month. The contribution reports were prepared and submitted by Defendant with amounts shown as due and owing. Since August 2008, Defendant has submitted the contribution reports without submitting payment to Plaintiffs. However, during the period of August 2008 through September 2009, a general contractor named Oberle & Associates, Inc. (Oberle) submitted contribution reports and paid fringe benefit contributions for Defendant for a specific project in which Defendant was a subcontractor to Oberle.

Based upon the contribution reports submitted by Defendant, and deducting the amounts paid by Oberle, Plaintiffs have determined that Defendant owes $42,055.12 to Plaintiff NECA-IBEW Pension Trust Fund and $72,828.27 to Plaintiff NECA-IBEW Welfare Trust Fund. These amounts include payments due based upon contribution reports submitted by Defendant for the period of August 2008 through May 2010. These amounts also include penalties and interest for late reports and payments during the period from November 2007 through July 2008. The amount due to the Pension Fund includes interest assessed for payments due for the period from August 2008 through May 2010, but does not include penalties due for that period. Except for a calculation of the penalties and interest due for the contributions owed regarding Local 305 workers from August 2008 through December 2008, the amount due to the Welfare fund does not include penalties and interest on the amounts due for the period of August 2008 through May 2010. Plaintiffs have stated that the total amount of interest and penalties will be calculated upon payment by Defendant.

## PROCEDURAL HISTORY

On March 27, 2009, Plaintiffs filed their Complaint (#1) against Defendant with attached

supporting documentation. On June 18, 2009, Defendant filed its Answer (#7). A Discovery Order (#9) was entered on July 2, 2009, and the case was set for a bench trial on December 13, 2010. On July 30, 2010, Plaintiffs filed their Motion for Summary Judgment (#15) with attached supporting exhibits. Plaintiffs included a detailed affidavit from their counsel, John A. Wolters, which stated that Plaintiffs have incurred $9,657.14 in attorneys' fees and costs in this cause. As noted previously, Defendant has not filed a Response to the Motion for Summary Judgment.

## ANALYSIS

### I. SUMMARY JUDGMENT STANDARD

Rule 7.1(D)(2) of the Local Rules of the Central District of Illinois provides:

> Within 21 days after service of a motion for summary judgment, any party opposing the motion must file a response. A failure to respond will be deemed an admission of the motion.

The Seventh Circuit has repeatedly held that such a rule is "entirely proper." Doe v. Cunningham, 30 F.3d 879, 882 (7th Cir. 1994). Further, when the non-movant does not respond to the movant's statement of facts, the non-movant concedes the movant's version of the facts. Waldridge v. American Hoechst Corp., 24 F.3d 918, 922 (7th Cir. 1994); Columbia Pictures Indus., Inc. v. Landa, 974 F. Supp. 1, 3 (C.D. Ill. 1997). However, a party's failure to submit a timely response to a motion for summary judgment does not automatically result in summary judgment for the moving party. LaSalle Bank Lake View v. Seguban, 54 F.3d 387, 392 (7th Cir. 1995); see also Archer Daniels Midland Co. v. Whitacre, 60 F. Supp. 2d 819, 823 (C.D. Ill. 1999). It remains "the movant's burden to demonstrate that no genuine issue of material fact exists and that he is entitled to summary judgment as a matter of law." Doe, 30 F.3d at 883. Accordingly, the district court must make the

further finding that summary judgment is proper as a matter of law.  LaSalle Bank, 54 F.3d at 392, quoting Wienco Inc. v. Katahn Assocs., Inc., 965 F.2d 565, 568 (7th Cir. 1992).

"A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." Fed. R. Civ. P. 56(a).  Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  In ruling on a motion for summary judgment, a district court has one task and one task only: to decide, based upon the evidence of record, whether there is any material dispute of fact that requires a trial. Waldridge, 24 F.3d at 920.

## PLAINTIFFS' MOTION

In this case, Plaintiffs have provided detailed supporting documentation to establish that Defendant was required to make contributions to Plaintiffs and to establish the amounts owed by Defendant.  Plaintiffs argue that summary judgment is appropriate because there is no dispute that Defendant owes Plaintiffs the amounts identified.  Plaintiffs have noted that the amounts identified came directly from the contribution reports submitted by Defendant to Plaintiffs, which were submitted without payment.  Plaintiffs argue that, because the amounts owed are based on Defendant's self-reported amounts, there is no genuine issue of material fact regarding the amount of fringe benefits owed by Defendant.  This court agrees.

This court has carefully reviewed all of the documentation submitted by Plaintiffs as well as Plaintiffs' citations of authority. Following this careful review, this court concludes that Plaintiffs have met their burden to show that no genuine issue of material fact exists which requires a trial.

Based upon the undisputed facts and the applicable case law, this court agrees with Plaintiffs that they are entitled to judgment against Defendant as a matter of law.

IT IS THEREFORE ORDERED THAT:

(1) Plaintiffs' Motion for Summary Judgment (#15) is GRANTED.

(2) Judgment is entered in favor of Plaintiffs and against Defendant. Defendant is ordered to pay $42,055.12 to Plaintiff NECA-IBEW Pension Trust Fund, plus penalties due on the amounts due from August 2008 to May 2010, and $71,828.27 to Plaintiff NECA-IBEW Welfare Trust Fund, plus penalties and interest not yet assessed on the amounts due from August 2008 to May 2010. Defendant is also ordered to pay Plaintiffs' attorneys' fees and costs in the total amount of $9,657.14.

(3) This case is terminated. The final pretrial conference scheduled on December 3, 2010 at 2:30 p.m. and the bench trial scheduled on December 13, 2010 at 9:00 a.m. are hereby VACATED.

ENTERED this 8th day of September, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE